UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| CURT LOWDER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) No. 2:17-cv-00125-JMS-MJD |
| MS. CARDINAL Counselor, | ) |
| MS. FISCHER Counselor, | ) |
| MS. RIGGS Registered Nurse, | ) |
| DR. CHAVEZ, | ) |
| | ) |
| Defendants. | ) |

**Entry Granting Defendant Dr. Chavez's Motion for Summary Judgment**

Defendant Dr. Mary Ann Chavez seeks summary judgment on her assertion that plaintiff

Curt Lowder did not exhaust his administrative remedies as to her prior to filing this action. For

the reasons explained below, Dr. Chavez's motion, dkt. [24], is **granted**.

**I. Background**

Curt Lowder is an Indiana prison inmate. Dr. Chavez is a medical provider in one of the

prisons. Mr. Lowder asserts that on September 15 and December 15, 2016, Dr. Chavez was

deliberately indifferent to his serious medical needs when she halved his pain medication, changed

the timing of pain medication doses, and refused to increase his Neurontin pain medication. He

brought this 42 U.S.C. § 1983 civil rights action against Dr. Chavez, in addition to other claims

against other defendants, in March 2017.

## II. Discussion

### A.       Legal Standards

Summary judgment should be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to a judgment as a matter of law." *Fed. R. Civ. P.* 56(a). A "material fact" is one that "might affect the outcome of the suit." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986). A dispute is genuine only if a reasonable jury could find for the non-moving party. *Id.* If no reasonable jury could find for the non-moving party, then there is no "genuine" dispute. *Scott v. Harris,* 550 U.S. 372, 380 (2007). The Court views the facts in the light most favorable to the non-moving party and all reasonable inferences are drawn in the non-movant's favor. *Ault v. Speicher*, 634 F.3d 942, 945 (7th Cir. 2011).

"The applicable substantive law will dictate which facts are material." *National Soffit & Escutcheons, Inc., v. Superior Systems, Inc.,* 98 F.3d 262, 265 (7th Cir. 1996) (citing *Anderson,* 477 U.S. at 248). The substantive law applicable to the motion for summary judgment is the Prison Litigation Reform Act ("PLRA'"), which requires that a prisoner exhaust his available administrative remedies before bringing a suit concerning prison conditions. 42 U.S.C. § 1997e(a); *see Porter v. Nussle,* 534 U.S. 516, 524-25 (2002). "[T]he PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Id.* at 532 (citation omitted).

"Proper exhaustion demands compliance with an agency's deadlines and other critical procedural rules because no adjudicative system can function effectively without imposing some orderly structure on the course of its proceedings." *Woodford v. Ngo,* 548 U.S. 81, 90-91 (2006) (footnote omitted); *see also Dale v. Lappin,* 376 F.3d 652, 655 (7th Cir. 2004) ("In order to

properly exhaust, a prisoner must submit inmate complaints and appeals 'in the place, and at the time, the prison's administrative rules require.'") (quoting *Pozo v. McCaughtry,* 286 F.3d 1022, 1025 (7th Cir. 2002)). "In order to exhaust administrative remedies, a prisoner must take all steps prescribed by the prison's grievance system." *Ford v. Johnson,* 362 F.3d 395, 397 (7th Cir. 2004).

It is the defendant's burden to establish that the administrative process was available to Mr. Lowder. *See Thomas v. Reese*, 787 F.3d 845, 847 (7th Cir. 2015) ("Because exhaustion is an affirmative defense, the defendants must establish that an administrative remedy was available and that [the plaintiff] failed to pursue it."). "[T]he ordinary meaning of the word 'available' is 'capable of use for the accomplishment of a purpose,' and that which 'is accessible or may be obtained.'" *Ross v. Blake,* 136 S. Ct. 1850, 1858 (2016) (internal quotation omitted). "[A]n inmate is required to exhaust those, but only those, grievance procedures that are capable of use to obtain some relief for the action complained of." *Id.* at 1859 (internal quotation omitted).

B.      Undisputed Facts

1.      Parties

At all times relevant to the issues in this lawsuit Curt Lowder was an Indiana prison inmate incarcerated at the Wabash Valley Correctional Facility (WVCF). Dr. Chavez was a medical provider at the prison. Teresa Littlejohn is the grievance specialist at WVCF.

2.      Grievance Process

The Indiana Department of Correction ("IDOC"), Offender Grievance Process, Policy 00-02-301, has applied to Mr. Lowder during his incarceration. Dkt. 26-2. The purpose of the Offender Grievance Process is to provide administrative means by which inmates may resolve concerns and complaints related to their conditions of confinement. *Id.* at ¶ I.

The Offender Grievance Process consists of three stages: (i) an informal attempt to solve a problem or address a concern, which can be followed by (ii) submission of a written form outlining the problem and other supporting information, and the response to that submission, which can be followed by (iii) a written appeal of the response to a higher authority and the response to that appeal. *Id.* at ¶ IV.

Under the Offender Grievance Process, an offender is required to attempt to resolve a complaint informally before filing a formal grievance. *Id.* at ¶ X. To do this, the inmate must complete State Form 52897, Offender Complaint-Informal Process Level. *Id.* If an inmate is unable to resolve his complaint informally, he may file a Formal Grievance by submitting a completed Form 45471, "Offender Grievance," no later than 20 business days from the date of the incident giving rise to the complaint or concern. *Id.* at ¶ XI. If the inmate disagrees with the formal response at the facility level, he is permitted to appeal the response to the Offender Grievance Manager. The inmate may mark the line on the Level 1 Finding (i.e., Facility Finding) next to "Disagree" if he wishes to proceed to an appeal. *Id.*, ¶ XII. If an inmate receives no response within twenty (20) business days of being investigated by the Grievance Specialist, he may appeal as though the grievance has been denied. *Id.*

The Grievance Manager must complete the investigation and submit a response to the appeal within fifteen (15) business days from the date of receipt. *Id.*, ¶ XIII.

Teresa Littlejohn, as the Grievance Specialist at WVCF, is responsible for keeping the grievance records of all grievances pursued there. Dkt. 26-1. Ms. Littlejohn testified by affidavit that Mr. Lowder has filed other grievances, but he has never filed a grievance against Dr. Chavez or a grievance describing any of the actions he ascribed to Dr. Chavez. Dkt. 26-1, ¶¶ 14-17. The

grievance log submitted as evidence by Ms. Littlejohn reflects that the most recent grievance filed by Mr. Lowder was a formal appeal received on March 31, 2016. Dkt. 26-3.

C.     Analysis

Mr. Lowder does not contend that any part of the grievance process was unavailable to him. Dkts. 30 & 31. Instead, he contends that he filed grievances against the entire medical staff, and that because he is not required to provide specific names, the grievances against the entire staffed necessarily included Dr. Chavez. Dkt. 31. He also submits as evidence two health care request forms he used to make medical supervisors aware of his complaints against Dr. Chavez. Dkt. 30-4.

The summary judgment evidence demonstrates that Mr. Lowder's only grievances were filed *before* the interactions with Dr. Chavez occurred. His most recent grievance appeal was in March, 2016, and Dr. Chavez's first interaction with Mr. Lowder that is the subject of this lawsuit was in September, 2016, some six months later. Therefore, the grievances Mr. Lowder contends exhausted his administrative remedies against Dr. Chavez could not have done so because they were filed before the incidents of which he complains.

The two health care request forms that Mr. Lowder also submits in an effort to show he exhausted his administrative remedies are not grievance forms. The IDOC recognizes only one grievance system, discussed above, and it does not include writing health care request forms complaining about medical staff conduct. To exhaust administrative remedies, Mr. Lowder was required to follow the three-step grievance process. *See* Section II.B.2., *supra*. He did not do so with respect to Dr, Chavez or either of the September and December, 2016, interactions with her. Therefore Mr. Lowder failed to exhaust available administrative remedies as to his claims against

Dr. Chavez, and those claims are precluded by the Prison Litigation Reform Act. 42 U.S.C. § 1997e(a).

### III. Conclusion

Dr. Chavez's evidence that Mr. Lowder did not exhaust his administrative remedies against her is persuasive and unrebutted by Mr. Lowder. Accordingly, her motion for summary judgment, dkt. [24], is **granted** and she is dismissed from this action.

No partial final judgment shall issue at this time. The action shall proceed against the remaining defendants. A pretrial schedule shall enter separately. The stay of proceedings entered May 25, 2017, is **lifted**.

**IT IS SO ORDERED**.

Date: 1/17/2018

Hon. Jane Magnus-Stinson, Chief Judge
United States District Court
Southern District of Indiana

Distribution:

Electronically Registered Counsel

Curt Lowder
972067
Pendleton Correctional Facility
Electronic Service Participant – Court Only